

# THE ATTORNEY GENERAL
## OF TEXAS

**ERALD C. MANN**

~~XXXXXXXXXXXXX~~

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Eli Willis
County Attorney
Moore County
Dumas, Texas

Dear Sir:

Opinion No. O-3442
Re: Whether or not certain out of State
trucks are operated for hire or com-
pensation with in the meaning of
Section 2 of Article 827b, Vernon's
Annotated Penal Code.

We received your letter dated April 17, 1941, which is self explanatory and reads as follows:

"There are several trucks from Oklahoma, Colo-
rado and New Mexico transporting gasoline from and
through Moore County, Texas. Some of these truck
owners are hauling for direct compensation or hire
and are buying Texas licenses for their trucks.
Others are Independent Dealers or Gasoline Brokers
and buy the gasoline and transport it our of State
for resale at such profit as the market may justify.
The question has been raised as to the Classification
of the Gasoline Broker or Independent Dealer, whether
they should be classed as hauling for compensation
or hire. Some of these Independent dealers have been
advised that as such Independent Dealers or Brokers they
should not be classified  as hauling for compensation
or hire and would not be required to purchase Texas
licenses for their trucks. I have been of the opinion
that purchasers of property for the purpose of trans-
portation and resale should be classified  as hauling
for compensation when it is the intent of the pur-
chaser to purchase, transport and resell for profit.
In the cases of the Independent Dealers or Gasoline
Brokers the freight differentials from the place of
purchase to destination are allowed in the purchase of
the gasoline."

"  . . . . . . .  "

Section 2 of Article 827b, Vernon's Annotated Penal Code, reads, in part, as follows:

"A nonresident owner of a motor vehicle, trailer
or semi-trailer which has been duly registered for the
current year in the State or county of which the owner
is a resident and in accordance with the laws thereof,
may, in lieu of registering such vehicle as otherwise

required by law, apply to the State Highway Department through a County Tax Collector for the registration thereof as provided by law, except that the privileges granted as otherwise provided for in this Act shall not apply to any motor vehicle, trailer, or semitrailer operated within this State for the transportation of persons or property for compensation or hire. . . . . ." (Underscoring ours)

Section 5 of Article 827b, supra, reads as follows:

"No non-resident owner of a motor vehicle, trailer or semi-trailer shall operate any such vehicle or cause or permit it to be operated upon the public highways of this State, either before or while it is registered under this Section, unless there shall at all times be displayed thereon the registration number plates assigned to said vehicle for the current calendar year by the country or state of which such owner is a resident, nor unless the certificate of temporary registration, when issued thereto as in this Section provided shall be placed on said motor vehicle in the manner to be specified by the Department. Provided the Department shall not adopt any patented container, holder or device for the certificate of temporary registration nor shall any visitor be required by said Department to purchase or have said container, holder or device for said certificate. Provided that nothing in this Act shall prevent a non-resident owner of a motor vehicle from operating at will such vehicle in this State for the sole purpose of marketing farm products raised exclusively by him, nor a resident of an adjoining State or country from operating a privately owned and duly registered vehicle, not operated for hire in this State at will, for the purpose of purchasing goods, wares and merchandise. And provided, further, that any non-resident owner of a privately owned motor vehicle may be permitted to make an occasional trip into this State with such vehicle under the privileges of this act without obtaining such temporary registration certificate. Any person violating any provision of this Section shall be deemed guilty of a misdemeanor; and upon conviction thereof shall be fined in any sum not exceeding Twenty-five ($25.00) Dollars."

As we understand the facts, many out of State trucks come into this State for the purpose of buying gasoline and hauling it back to their home state. Further, we are informed that freight differentials from place of purchase to destination are deducted from the quoted price of the gasoline. We are also informed that the particular States Mentioned in your letter requi. .at before any such trucks registered in Texas can use the hig    , of those particular States, they must be registered in those states.

It appears to us that the out of state trucks mentioned in your letter are operating over the highways of Texas for compensation within the meaning of the above quoted Sections of Article 827b, supra.  See New Way Lumber Company, et al.  v. Smith, et al., (Supreme Court) 96 S.W. (2) 282.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/ Lee Shoptaw
     Lee Shoptaw
     Assistant

LS:MP:wc


APPROVED JUNE 6, 1941
s/ GROVER SELLERS
FIRST ASSISTANT
ATTORNEY GENERAL


This Opinion Considered And Approved In Limited Conference